UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSEMARIE MacMILLAN BROWN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>EAST 92 STREET ASSOCIATES,<br><br>                    Defendant. | 1:20-CV-6886 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES<br>OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or submit an amended IFP application.

    To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff has filed an IFP application, but she has not fully completed it, and the information that she has provided in it is unclear. Plaintiff indicates in her IFP application that she is unemployed and that she receives monthly Social Security payments. (ECF 1, at 1.) But she does not state the amount that she receives every month in those payments. (*Id.* at 1-2.) She also states that in the past twelve months, neither she nor anyone living at the same residence has received more than $200.00 from specified sources, including Social Security. (*Id.*) In addition, she has not answered the application's questions about how much money she has in a bank

account, the worth of any property or other assets she owns, her monthly expenses, any individuals she supports financially, or any of her other financial obligations. (*Id.* at 2.)

Because of Plaintiff's failure to fully answer her IFP application's questions about her financial status, the Court does not have sufficient information to make a determination concerning Plaintiff's IFP application. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or complete and submit the attached amended IFP application in which she must fully disclose her financial status by clearly answering all of the application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:20-CV-6886 (CM). If the Court finds that Plaintiff now possesses the funds to pay the relevant fees, she may be required to pay them.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 27, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge